## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Andrew Quinn, | Case No. 20-CV-1591 (PAM/KMM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Justice Department Office of Civil Rights; U.S. Department of Justice; Walgreen; Allied Universal; and Union Depot, | |
| Defendants. | |

Plaintiff Andrew Quinn did not pay the filing fee for this action, instead applying for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review, this Court concludes that Mr. Quinn qualifies for IFP status. That said, an action will be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is

1

plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Mr. Quinn's complaint is simply too vague to state a claim on which relief may be granted. The pleading provides no basis for this Court's jurisdiction, *see* Compl. at 3 [ECF No. 1]; Fed. R. Civ. P. 8(a)(1) (requiring a complaint to include a short and plain statement of the basis for jurisdiction), and it consists entirely of conclusory phrases — for example, Mr. Quinn states in his complaint "Justice Department harassment," Compl. at 4, but he offers no factual allegations from which this Court could conclude that the federal government has violated the law in any way. Much the same is true of the remaining defendants, against whom only similarly vague and conclusory allegations have been raised. This is insufficient to put the defendants and the Court on notice of either the specific claims or the factual grounds for those claims being raised in this proceeding.

Accordingly, it is recommended that this matter be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Andrew Quinn [ECF No. 2] be DENIED.

Date: August 25, 2020           *s/ Katherine Menendez*
                                Katherine Menendez
                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).